## Martin Olson v. The People of the State of Illinois.

1. TRIAL—*when errors in conduct of, will not reverse.* Technical errors committed by the judge, which represent the exercise of a judicial discretion, do not afford ground for reversal unless an abuse of discretion is shown and a resulting prejudice.

2. REASONABLE DOUBT—*when instruction as to, does not properly define.* An instruction in a criminal prosecution is improper which requires proof beyond a reasonable doubt of every fact essential to establish guilt.

3. JUDGMENT—*approved form of, in conviction for unlawful sale of liquor and maintaining a nuisance.* In this case a proper form of judgment, where conviction is had upon both branches of such a prosecution, is indicated.

Criminal prosecution for unlawful sale of intoxicants, etc. Error to the Circuit Court of Ford County; the Hon. THOMAS M. HARRIS,

Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded with directions. Opinion filed March 20, 1906.

C. E. BEACH, for plaintiff in error.

W. H. STEAD, Attorney-General, and L. A. CRANSTON, State's Attorney, for appellee; C. S. SCHNEIDER, of counsel.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Martin Olson, who was indicted and convicted in the Circuit Court of Ford county, brings this case here upon a writ of error. The indictment contained twenty counts. The jury found him guilty upon five counts only; four of them (11, 12, 13 and 14) charged him with the unlawful sale of intoxicating liquors to be drank upon premises adjacent to the premises where sold; and one (the 20th) charged him with maintaining a nuisance.

Motion for a new trial was overruled and exceptions saved, whereupon the court imposed a fine of $100 upon plaintiff in error and sentenced him to jail for twenty days upon said 20th count; and imposed a fine of $20 upon each of the said counts 11, 12, 13 and 14, and also sentenced plaintiff in error to jail until the fines and costs assessed upon each of said four counts were paid; and furthermore, directed that the period of confinement under the eleventh count should begin at the expiration of the imprisonment under the twentieth count, and that the period of confinement under the twelfth count should begin when the imprisonment under the eleventh count should end, and so on, fixing confinement upon each count in like manner. Defendant duly excepted to the judgment.

While plaintiff in error says in his motion for new trial that the verdict is contrary to the evidence and argues that matter in this court, it seems to us that the evidence is amply sufficient to warrant the verdict.

Six witnesses testified to sales of intoxicating liquor by plaintiff in error, and those in charge of his business. He was conducting what is called a cold-storage, where he sold

lager beer.   About twenty feet from the cold-storage was a
barn to which purchasers would carry their beer and there
drink it and near by was a pasture controlled by him, in
which, also, purchasers after buying from him, would open
their beer bottles and drink.   Purchasers would leave their
empty bottles either in the barn or pasture, where plain-
tiff in error could gather them up from time to time.   In
making sale plaintiff in error said, that he did not care
where purchasers drank their beer so they got off the place
where the sale was made.   There was not only sufficient evi-
dence to warrant the jury in returning the verdict they did,
but in fact we do not regard the case as close at all upon the
evidence.

The contentions made here by plaintiff in error that the
court erred in allowing bystanders inside the bar during
the trial, that the remarks of the court were prejudicial, that
one Mr. Schneider was wrongfully permitted to make an
argument in the case, and that the State's attorney was per-
mitted to cross-examine witnesses and read from the notes of
the case taken before the grand jury, are all, in our judg-
ment, inconsequential in view of the fact that the guilt of
plaintiff in error was so fully shown by the evidence.   We
do not wish to be understood to say that such matters might
not be prejudicial in a case which was close upon the evi-
dence.   The control of such matters rests largely in the
sound discretion of the court and it is the duty of the trial
court to see to it that one charged with an offense should
have a fair and impartial trial and that the case should pro-
ceed in an orderly and becoming manner and without undue
advantage to either side, yet a court of review will not re-
verse alone upon matters that rest solely in the discretion of
the trial court unless that discretion has been abused and
the party prejudiced thereby.   Such is not the case here.

Plaintiff in error alleges that it was error for the court to
refuse his third, fourth and fifth instructions as offered.
Such third refused instruction was to the effect that in order
to convict, the evidence must show that the sale of liquor was
made with the knowledge upon the part of the defendant that

Olson v. The People.

it was to be drank upon the adjacent premises, or that he consented to the purchaser so drinking. The fifth instruction of plaintiff in error as given by the court states the same proposition in substance and we have no doubt the court refused the one so marked because it was a repetition of the one given.

The fourth instruction of plaintiff in error refused does not state a correct rule of law, as it is not necessary to warrant a conviction to establish each fact necessary to show guilt, beyond a reasonable doubt. The reasonable doubt must relate to the guilt of accused.

The fifth instruction of plaintiff in error was properly refused as argumentative.

There was no error in the giving or refusing of instructions prejudicial to the case of plaintiff in error.

The judgment, however, was incorrect in form and this cause must be reversed for the sole purpose of allowing the State's attorney to move the court to enter judgment in proper form. There should be a fine imposed upon each of the counts numbered 11, 12, 13 and 14, and plaintiff in error ordered to stand committed till such fine and costs are paid; and also a fine upon count numbered 20, with a jail sentence. That much of the judgment as was in excess of the above was error, and for that error alone, the judgment is reversed and the cause remanded with leave to the State's attorney to move for proper judgment.

Judgment reversed and cause remanded with direction to enter proper judgment, in accordance with the views herein expressed.

*Reversed and remanded with directions.*